UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSE M. ROMAN,

                            Plaintiff,                    **MEMORANDUM & ORDER**

                        -against-                             05 CV 347 (RJD) (JMA)

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,
                        Defendant.
------------------------------------------------------X
DEARIE, Chief Judge.

      On November 21, 2006, plaintiff's attorney, Charles Binder, moved for an order awarding $34,160.25 in attorney's fees, which represents 25% of the past-due benefits awarded to plaintiff in the above social security action. On November 22, 2006, the Court referred the motion to Magistrate Judge Joan M. Azrack for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On March 30, 2007, Magistrate Judge Azrack found that the $34,160.25 figure was reasonable and recommended that it be awarded in full. On April 13, 2007, the Commissioner filed objections to the Report.

      Having reviewed the issue <u>de novo</u> and considered defendant's objections and plaintiff's responses, the Court agrees with Magistrate Judge Azrack's well-supported recommendation that the fee is reasonable. However, one issue gives the Court pause: plaintiff's attorney did not apply for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. At a telephone conference, plaintiff's attorney admitted that the failure to submit an EAJA application was attributable to a clerical error. Tr. 3 (Aug. 2, 2007). Such an application is now time-barred. <u>See</u> 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and

other expenses. . . ."). Without deciding whether an EAJA application would have been granted, the Court finds that plaintiff should not be penalized for his attorney's clerical error and reduces the fee award by the amount that would have been recoverable under EAJA. See Benton v. Commissioner, No. 03 CV 3154 (ARR), at 4-7 (E.D.N.Y. filed May 17, 2007) (where plaintiff's attorney failed to apply for EAJA fees, reducing award by amount recoverable under EAJA and citing other cases for similar approaches). The Court therefore deducts $5031.25[1] from $34,160.25, resulting in an award of $29,129.

Accordingly, the Court adopts Magistrate Judge Azrack's Report and Recommendation with one modification and awards $29,129 in fees to plaintiff's attorney.

SO ORDERED.

Dated: Brooklyn, New York
August 6, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[1] This figure reflects the number of hours plaintiff's attorney spent on the case, 40.25, multiplied by the standard EAJA rate of $125 per hour. See 28 U.S.C. § 2412(d)(2)(A)(ii) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.").